UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE GARNER,

       Plaintiff,                                       Case No. 15-cv-10377

vs.                                                      HON. MARK A. GOLDSMITH

SELECT PORTFOLIO SERVICING,
INC., et al.,

       Defendants.
_____/

### OPINION AND ORDER REJECTING THE REPORT AND RECOMMENDATION ISSUED ON FEBRUARY 2, 2015 (Dkt. 7) AS MOOT, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

Plaintiff Darlene Garner filed the Complaint in the above-captioned action on January 28, 2015. See Compl. (Dkt.1). Plaintiff brings this action against Defendants for "violation of the fair debt collection practice[s] act, fraud and lack of standing to foreclose." Id. The matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings.

As part of her Complaint, Plaintiff asked the Court to "[o]rder that the sheriff's sale scheduled for February 3, 2015 be halted/set aside pending the outcome of this lawsuit." Id. at 8. Out of an abundance of caution, Magistrate Judge Grand interpreted this broad request in the Complaint as a request for a temporary restraining order ("TRO"). Accordingly, the Magistrate Judge issued a Report and Recommendation ("R&R") on February 2, 2015, recommending the Court deny Plaintiff's request for a TRO for a variety of reasons, including lack of notice and insufficient pleadings. R&R (Dkt. 7).

Plaintiff submitted objections to the R&R thereafter. As part of her objections, Plaintiff states that the Magistrate Judge "wrongly construed [her] complaint as [a] Motion for Temporary Restraining Order." Pl. Objs. at 2 (Dkt. 21). Plaintiff requests that, "[i]f the court must construe

my complaint as a Motion[,] please construe it as a Motion for Preliminary Injunction under FRCP 65(A)(1)." Id.

In light of Plaintiff's assertion that her Complaint was not seeking a TRO, the Court rejects the R&R's recommendation that the Court deny Plaintiff this relief. While the Magistrate Judge may have appropriately construed Plaintiff's statement in the Complaint as one seeking a TRO, Plaintiff has now made clear that she was not seeking this relief. Accordingly, the Court declines to consider whether a TRO would have been appropriate, and rejects the R&R as moot.

In her objections to the R&R, Plaintiff also requests that, "[i]f the court must construe [the] complaint as a [m]otion," the Court construe the Complaint as a motion for preliminary injunction. See Pl. Objs. at 2. The Court declines to rule on the merits of this request for two reasons. First, the Court need not construe Plaintiff's Complaint as a motion, and, in light of Plaintiff's implication that she would prefer the Court not do so, the Court declines to construe it as such. Cf. Fed. R. Civ. P. 7. Second, to the extent Plaintiff sought to combine her objections and a motion for a preliminary injunction, objections to the R&R are not the appropriate vehicle to seek a preliminary injunction; rather, Plaintiff must file a separate motion if she is asking the Court to order this type of injunctive relief. See Delaney v. Tilton, No. 07-1219, 2008 WL 5411932, at *1 (E.D. Cal. Dec. 24, 2008) ("Plaintiff may not combine a motion with the objections."). In other words, combining objections to a R&R with a motion for affirmative relief is improper. Accordingly, the Court denies without prejudice Plaintiff's request for a preliminary injunction.

SO ORDERED.

Dated: February 27, 2015　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

2

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

s/Johnetta M. Curry-Williams
Case Manager
