UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE GARNER,

        Plaintiff,                  Case No. 15-10377
                                                  Hon. Mark A. Goldsmith

vs.

SELECT PORTFOLIO
SERVICING, et al.,

        Defendants.
_____/

**OPINION AND ORDER
CONVERTING PLAINTIFF'S OBJECTION (Dkt. 43) TO A TIMELY MOTION
FOR RECONSIDERATION AND DENYING THE MOTION**

        On September 25, 2015, the Court issued an Opinion and Order (i) overruling Plaintiff's objection to the R&R; (ii) accepting the Magistrate Judge's recommendation dated July 28, 2015; (iii) granting Defendants Select Portfolio Servicing, Inc.'s ("SPS") and Wells Fargo Corporate Trust Services' ("Wells Fargo") motion to dismiss; and (iv) granting in part and denying in part Defendant Orlans' motion to dismiss (Dkt 40). Sixty-six days later, on November 30, 2015, Plaintiff filed a document entitled "Objection to Judge's Opinion and Order (Dkt. 40) and Motion for Relief" (Dkt. 43).

        Generally, a party wishing to file a motion to alter or amend a judgment must do so "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). At first blush, then, Plaintiff's motion was untimely, having been filed 38 days late. However, through an error of

1

the Court, Plaintiff was never served with the opinion.[1]  Accordingly, the Court exercises its authority under Federal Rule of Civil Procedure 60(a) to correct its error by converting Plaintiff's filing into a timely motion for reconsideration under Rule 59(e).[2]  See United States v. Savage, 99 F. App'x 583, 584-585 (6th Cir. 2004) (district court has discretion to equate motions for reconsideration with Federal Rule of Civil Procedure 59(e) motions); Nagle Indus., Inc. v. Ford Motor Co., 175 F.R.D. 251, 253 (E.D. Mich. 1997) (motions for reconsideration "are considered motions to alter or amend judgments pursuant to Fed. R. Civ. P. 59(e)" if timely filed).

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (i.e., a motion for reconsideration) may be granted (i) to correct a clear error of law; (ii) to account for newly discovered evidence or an intervening change in the controlling law; or (iii) to otherwise prevent manifest injustice.  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff's motion does not highlight any clear error of law in the opinion.  Nor does it allege any evidence was newly discovered or that there was an intervening change in controlling law.  This leaves the third factor: "manifest injustice."  Id.  "The manifest injustice standard presents plaintiff with a high hurdle."  Westerfield v. United States, 366 F. App'x 614, 620 (6th Cir. 2010).  Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering

---

[1] Although Plaintiff claims to have learned of the Court's opinion when she visited the courthouse and affirmatively requested a copy, Pl. Mot. at 2, Plaintiff has since been formally served with the opinion.

[2] Plaintiff's motion would still be timely, even without taking account of the defective service, if it is interpreted as one for relief from judgment under Federal Rule of Civil Procedure 60(b). However, in fairness, Plaintiff should have the benefit of the lower standard applicable to Rule 59(e) motions.  See CGH Transp., Inc. v. Quebecor World, Inc., 261 F. App'x 817, 824 (6th Cir. 2008).

the same arguments previously presented." Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Plaintiff's arguments are either duplicative of her earlier arguments and, therefore, meritless, or they are waived. She first alleges that SPS, her loan's servicer, lacked authority to enforce the lien, apparently because it did not own the mortgage. Pl. Mot. at 2-3. However, this issue was considered and properly rejected in the September 25, 2015 opinion. 9/25/15 Op. & Order at 6 ("Under Michigan law, . . . a servicer may foreclose without an ownership interest." (citing Mich. Comp. Laws § 600.3204(1)(d))). This argument is, therefore, without merit and does not constitute grounds for granting Plaintiff's motion.

Plaintiff's second argument highlights the holding that the Fair Debt Collection Practices Act ("FDCPA") did not apply to SPS because it was not a "debt collector" under the FDCPA. Pl. Mot. at 3-4. Changing course, Plaintiff now alleges that the loan was in default when SPS began servicing the loan, which, if true, would bring even a loan servicer into the purview of the FDCPA as a debt collector. Id. (citing Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 362 (6th Cir. 2012)). In support, Plaintiff provides a letter from Chase Bank's loan servicing department dated November 10, 2011, stating that a mortgage loan was in default at that time. Pl. Mot. at 11 (cm/ecf page).

In her myriad filings to date, including the complaint, Plaintiff has never raised this argument, attached the letter from Chase Bank, or alluded to the letter. Her argument is, therefore, waived. Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration . . . ."); Hamilton v. Gansheimer, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration . . . proffers

3

new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue.").

Even if Plaintiff had offered the letter in the first instance, its import is questionable at best. The letter provides nothing more than a snapshot of the status of a loan on November 10, 2011. It does not show that the loan was in default when SPS began to service it, a date that Plaintiff does not allege and the record does not reflect. See R&R at 8 (Dkt. 32) ("[I]t is unclear exactly when SPS became the servicer of [Plaintiff]'s Loan."). Thus, the letter does not support reconsideration based on clear error, new evidence, manifest injustice, or any other basis.

Plaintiff's motion for reconsideration is, therefore, denied.

SO ORDERED.

Dated: January 27, 2016          s/Mark A. Goldsmith
Detroit, Michigan                MARK A. GOLDSMITH
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2016.

                                 s/Karri Sandusky
                                 Case Manager