UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE GARNER,

        Plaintiff,                                     Case No. 15-cv-10377
                                                      HON. MARK A. GOLDSMITH

vs.

SELECT PORTFOLO
SERVICING, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S SEPTEMBER 6, 2016 REPORT & RECOMMENDATION (Dkt. 71);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 72) AS UNTIMELY;
(3) GRANTING ORLANS ASSOCIATES' MOTION FOR SUMMARY JUDGMENT
(Dkt. 55); AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 57)**

This is a mortgage foreclosure case. The facts and procedural history of this case are adequately summarized in the Magistrate Judge's September 6, 2016 Report & Recommendation ("R&R") (Dkt. 71) and need not be repeated here in full. Orlans Associates, P.C. ("Orlans"), the sole remaining defendant in this case, filed a motion for summary judgment on April 11, 2016 (Dkt. 55), arguing that it complied with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff Darlene Garner filed her cross-motion for summary judgment on April 14, 2016 (Dkt. 57), which maintains her factual claim that Orlans initiated foreclosure without complying with all of its statutory notice obligations. The magistrate judge held a hearing on the motions on August 2, 2016, and subsequently recommended that this Court grant Orlans's motion and deny Garner's.

1

The R&R made clear that Garner needed to submit any objections to its reasoning within 14 days of service. See R&R at 15. Garner, however, did not file her objections until September 28, 2016 — 22 days after issuance of the R&R. This fact constitutes a waiver of the right to further judicial review and permits this Court to accept the recommendation contained in the R&R and grant MERS's motion. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter").[1]

There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Comm. Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (emphasis added)). The Court has reviewed the R&R for

---

[1] Even if the objections were timely, they would have been overruled. Garner's first objection claims that the April 2010 assignment of mortgage from MERS to Wells Fargo was "fraudulent," and that this somehow incriminates Orlans by association. See Pl. Obj. at 2. This Court already decided this exact issue in Orlans' favor in a September 25, 2015 opinion. See 9/25/2015 Op. & Order at 7 (Dkt. 40). Garner's second objection is a challenge to one of the R&R's factual premises. See Pl. Obj. at 2; R&R at 4 (Garner stipulated that her mortgage was "not current" as part of her bankruptcy proceedings). However, this factual premise did not enter into the magistrate judge's analysis or conclusions, and Garner does not explain how correction of this alleged error would change things. Garner's third objection highlights an action that Orlans took on January 5, 2016, in furtherance of a foreclosure sale, as well as an April 2016 letter that allegedly shows that, contrary to the R&R's recitation of the facts, a foreclosure sale has occurred to date. See Pl. Obj. at 3. Again, this objection fails to explain how these alleged inaccuracies affect the analysis of the correspondence between Orlans and Garner that occurred in early 2015. The R&R explained that Orlans suspended its foreclosure efforts while it completed its statutory duties toward Garner in 2015 and lawfully resumed them thereafter. See R&R at 7, 13-14. Whether the R&R misconstrued events completely subsequent to the events in dispute is irrelevant. Finally, Garner's fourth objection is a list of conclusory statements, see Pl. Obj. at 3, all of which have either been fully addressed in prior proceedings before this Court or are of indiscernible relevance to the R&R.

2

clear error.  On the face of the record, the Court finds no clear error and accepts the recommendation.  Accordingly, Orlans' motion for summary judgment (Dkt. 55) is granted, and Garner's motion for summary judgment (Dkt. 57) is denied.  A separate judgment will enter.

SO ORDERED.

Dated:  February 17, 2017  s/Mark A. Goldsmith
       Detroit, Michigan   MARK A. GOLDSMITH
                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2017.

s/Karri Sandusky
Case Manager