UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE GARNER,

        Plaintiff,                    Case No. 15-10377
                                              Hon. Mark A. Goldsmith

vs.

SELECT PORTFOLIO
SERVICING, et al.,

        Defendants.
_____/

**OPINION AND ORDER
CONVERTING PLAINTIFF'S OBJECTION (Dkt. 76) TO A MOTION
FOR RECONSIDERATION AND DENYING THE MOTION**

On February 17, 2017, this Court issued an Opinion and Order (i) overruling Plaintiff's objection to the R&R (Dkt. 72) as untimely filed; (ii) accepting the magistrate judge's recommendation dated September 6, 2016 (Dkt. 71); (iii) granting Defendant Orlans Associates' motion for summary judgment (Dkt. 55); (iv) denying Plaintiff's motion for summary judgment (Dkt. 57); and (v) dismissing the case with prejudice. See 2/17/2017 Op. & Order (Dkt. 74). On March 2, 2017, Plaintiff filed a document that she calls an "objection" to this Court's February 17, 2017 opinion and order (Dkt. 76).

Plaintiff's opportunity to file "objections" has passed; the Court, therefore, construes Plaintiff's filing as a motion for reconsideration under Local Rule 7.1(h)(3). In order to succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" has been defined as an error that is "obvious, clear,

1

unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).  A motion for reconsideration which presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Hence v. Smith, 49 F. Supp. 2d 547, 551 (E.D. Mich. 1999).  Moreover, a motion for reconsideration need not be considered if it brings new legal arguments that could have been raised in the first instance. See Convertino v. United States Dep't of Justice, 07-cv-13842, 2010 WL 523042, at *4 (E.D. Mich. Feb. 9, 2010).

The bases for this Court's opinion, which adopted the magistrate judge's Report & Recommendation ("R&R"), were that (i) Plaintiff's objections to the R&R were untimely; and (ii) the R&R contained no clear error. See 2/17/2017 Op. & Order at 2-3; see also id. at 2 n.1 (addressing the merits of the untimely objections in the alternative only).

Plaintiff's motion does not identify any error in this Court's opinion.  Concerning the timeliness of her objections, Plaintiff states, "Although I may not have filed my objections within 14 days of the R&R being filed, I did file my objections within 14 days of service/receipt of the R&R." See Pl. Mot. at 3.  Under the Federal Rules of Civil Procedure, however, an R&R is considered "served" when it is mailed, not when it is received. See Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"); see also Lewis v. Corr. Med. Serv., No. 08-CV-13683, 2009 WL 1438260, at *2 (E.D. Mich. May 20, 2009) ("Plaintiff was served when the R & R was mailed . . . ." (citing Fed. R. Civ. P. 5(b)(2)(C))).  Even with the extra three days afforded to Plaintiff under Federal Rule of Civil Procedure 6(d), her objections were five days late.  This portion of Plaintiff's motion is denied.

Plaintiff correctly observes that, notwithstanding her failure to timely file an objection, this Court likely has some obligation to review the R&R for clear error. See Pl. Mot. at 3-4; see also

Fed. R. Civ. P. 72 Advisory Comm. Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Plaintiff identifies three examples of what she terms "clear error" in the R&R, but each purports to relate to the R&R's factual assertions concerning Defendant Select Portfolio Servicing, Inc. ("SPS"); Plaintiff does not explain how these alleged errors undermine the R&R's conclusion and analysis, which related only to Defendant Orlans. See Pl. Mot. at 4.

Plaintiff's motion for reconsideration is, therefore, denied. This case remains closed.

SO ORDERED.

Dated: March 3, 2017                                s/Mark A. Goldsmith
       Detroit, Michigan                            MARK A. GOLDSMITH
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 3, 2017.

                                                    s/Karri Sandusky
                                                    Case Manager