UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE GARNER,

    Plaintiff,

v.

SELECT PORTFOLIO
SERVICING, INC., et al.,

    Defendants.

Case No. 15-cv-10377

HON. MARK A. GOLDSMITH

_____/

**OPINION & ORDER**
**(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED FEBRUARY 12, 2019 (Dkt. 128), (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 130), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 114), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 122) AND (5) DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE**

This matter is before the Court on the Report & Recommendation ("R&R") of Magistrate Judge David Grand (Dkt. 128), which recommends granting Defendant Select Portfolio Servicing, Inc.'s ("SPS") motion for summary judgment and denying Plaintiff Darlene Garner's motion for summary judgment. Garner filed objections to the R&R (Dkt. 130), to which SPS filed a response (Dkt. 131). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the R&R is accepted, SPS's motion for summary judgment is granted, and Garner's motion for summary judgment is denied.

# I. BACKGROUND

The factual and procedural background have been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Garner received a loan from Pulte Mortgage, LLC to purchase a residence in Lake Orion, Michigan. In return, Garner granted a mortgage on the property to Pulte, with Mortgage Electronic Registration Systems, Inc. ("MERS") acting as Pulte's nominee. The interest in the mortgage was later assigned to Wells Fargo Bank, N.A. Shortly before the assignment, Garner had filed a voluntary petition for Chapter 13 bankruptcy.

In August 2013, SPS filed a motion for relief from automatic stay in the bankruptcy action. SPS argued in the motion that it was the servicer for the loan on behalf of Wells Fargo. In January 2015, just a few days before a foreclosure sale was scheduled to occur, Garner filed the instant lawsuit, alleging that Wells Fargo and SPS committed fraud in connection with the servicing and foreclosure of the mortgage, and that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Garner argues that she has never had a loan or mortgage with Wells Fargo or SPS.

This Court granted Defendants' motion to dismiss following a report and recommendation from the magistrate judge. See 2/17/2017 Op. & Order (Dkt. 74). Following an appeal, the Sixth Circuit revived Garner's FDCPA claim against SPS, leaving SPS as the only remaining defendant (Dkt. 82). This matter is now before the Court on the parties' cross-motions for summary judgment. The magistrate judge recommended granting SPS's motion and denying Garner's motion. Garner filed objections. For the reasons that follow, the Court overrules Garner's objections.

# II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Garner has raised nine objections to the R&R. The Court will address each of those nine objections in turn. From the outset, the Court reiterates its conclusion that Garner's repeated assertion that SPS was fraudulently servicing her loan is not plausible. See 9/25/2015 Op. and Order at 7 (Dkt. 40). The Sixth Circuit did not disturb this finding, and insofar as Garner bases several of her objections on the premise that SPS was fraudulently servicing her loans, those objections fail.

**A. Objection 1**

Garner first objects to the magistrate judge's "belief" that Garner "understands and agrees that MERS holds only legal title to the interests granted by [her in the Mortgage,]" and that MERS has the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . .." Obj. at 2 (Dkt. 130) (quoting R&R at 2). But the language quoted by Garner is not the magistrate judge's "belief." Rather, it is language directly quoted from the mortgage itself. Garner contests that there has been any such agreement or understanding in this case, but she does not contest the presence of the language in the mortgage. Accordingly, this objection is overruled.

### B. Objection 2

Garner next objects to the magistrate judge's characterization of Garner's response to SPS's motion for relief from the automatic stay as not challenging SPS's assertion that it was the servicer of the loan. Garner argues that "[i]t is clear that SPS has not provided any evidence that it has participated in any loan servicing activity" and that "[t]here is nothing in the record that shows SPS serviced a mortgage on my behalf." Obj. at 4. It is unclear how the explanation and substance of Garner's objection relates to the specific objection raised. Regardless, there is ample evidence that SPS has participated in loan servicing activity and that SPS serviced a mortgage on Garner's behalf. See, e.g., 11/29/2013 Letter, Ex. F to Def. Mot. for Summ. J. (Dkt. 114-7). Accordingly, this objection is overruled.

### C. Objections 3 and 8

Garner next argues that the magistrate judge improperly found that she had not raised a material question of fact that SPS violated any subsections of the FDCPA.[1] She again contends

---

[1] Objection 3 contests the magistrate judge's finding that "Garner has not raised a material question of fact that SPS violated any subsections of the FDCPA," while Objection 8 relates specifically to § 1692g. Because Objections 4–7 address §§ 1692d, 1692e, and 1692f, and Objections 3 and 8 contain overlapping arguments related to §1692g, the Court addresses Objections 3 and 8 together.

that nothing in the record establishes that SPS serviced a mortgage on her behalf, and that SPS failed to produce any documentation as requested in her qualified written request and debt validation request. Section 1692g(b) requires debt collectors to verify debts in response to a consumer's timely written notice that the debt is disputed; Garner claims SPS failed to provide such a verification.

As the magistrate judge noted, Garner has not alleged or presented evidence that she sent a timely notice to SPS that would trigger § 1692g's requirement. Furthermore, SPS validated the loan at least four separate times, see, e.g., 11/29/2013 Letter (including letters sent 11/6/2013 and 8/15/2013), Ex. F to Def. Mot. for Summ. J. (Dkt. 114-7); Orlans Debt Notification Letter, Ex. H to Def. Mot. for Summ. J. (Dkt. 114-9) (stating that Orlans contacted SPS, and that SPS serviced the mortgaged and provided information about the loan that Orlans relayed to Garner). Even assuming Garner sent a timely request that would trigger an obligation for SPS to verify the debts, Garner failed to produce evidence that these verifications did not fulfill SPS's obligations under §1692g(b).

As with other objections, Objections 3 and 8 are less concerned with the timing of Garner's and SPS's written communications as they are with Garner's core contention that SPS never serviced Garner's mortgage. However, as discussed above, the record establishes that SPS serviced the mortgage on her behalf. Accordingly, these objections are overruled.

**D. Objection 4**

Garner next objects to the magistrate judge's finding that SPS did not violate § 1692d and that any claim under § 1692d fails as a matter of law. Section 1692d prohibits debt collectors from engaging in a range of harassing and abusive activities, including advertising the sale of a debt to coerce payment of the debt. Garner claims that SPS violated 1692d by engaging in a foreclosure by advertisement.

The magistrate judge found that Garner did not plead a § 1692d violation in her complaint; allege any harassing, oppressive, or abusive actions in the complaint; or identify any violative conduct by SPS during her deposition. R&R at 9. Thus, the magistrate judge ruled that it was improper for Garner to raise her § 1692d claim for the first time in a response brief to SPS's summary judgment motion. Id. at 10 (citing Desparois v. Perrysburg Exempted Village Sch., 455 F. App'x 659, 666 (6th Cir. 2012)). Nonetheless considering the merits of Garner's claim, the magistrate judge found that the newly alleged violation of § 1692d failed because SPS's foreclosure by advertisement did not violate § 1692d's prohibition on advertising the sale of a debt to coerce payments. Id. at 9-10 (citing Thebert v Potestivo & Assocs., P.C., No. 16-14341, 2017 WL 3581322, at *12 (E.D. Mich. Aug. 18, 2017)). Garner has identified no legal authority or facts that would distinguish Thebert, a case very much on point. Instead, Garner claims that "[t]he value of the advertisement was based on the alleged debt at that time and not the value of the property therefore the advertisement was an advertisement of the sell [sic] of debt." Obj. at 5. Garner offers no proof substantiating this claim, nor does she offer a persuasive reason why this alleged fact should make a difference.

As a last-ditch effort to save the claim from summary judgment, Garner argues, "If § 1692d is improper for summary Judgment then for the plaintiff then it is improver [sic] for Summary Judgment for defendant." Obj. at 6. This is an unvarnished non-sequitur. Garner's failure to prevail as a matter of law has no bearing on SPS's entitlement to prevail.

The Court overrules Objection 4.

**E. Objection 5**

Garner next objects to the magistrate judge's finding that she failed to identify any false, deceptive, or misleading representations made by SPS that would violate §1692e. The magistrate judge details the attempts during discovery to determine what the supposed violations were and

finds none. Garner's objection identifies nothing new. Garner instead argues that SPS violated § 1692(e) by claiming it was her loan servicer. This Court has repeatedly rejected Garner's claim that SPS was not her valid loan servicer, and the claim that SPS lied or deceived Garner by presenting itself as her loan servicer consequently fails. Additionally, Garner claims that the Sixth Circuit placed the burden of proof on SPS to prove it was not a debt collector. This is true, but irrelevant in this context, where the issue is not whether SPS was a debt collector, but whether SPS violated specific provisions of the FDCPA. The magistrate judge's finding to which Garner objects is that Garner failed to identify any false, deceptive, or misleading representations, meaning that summary judgment is appropriate for SPS on the § 1692e claim. Garner has identified no violative representation, and thus her objection is overruled.

**F. Objections 6 and 7**

In Objection 6, Garner argues that the magistrate judge erred in finding that she had not alleged or come forward with evidence that SPS violated § 1692f by taking any extreme action in an attempt to collect a debt. She argues that SPS did so in continuing the foreclosure even though there was no attempt to "validate any claims on [her] property or even obtain answers to [her] qualified written Request." Obj. at 9. She claims that SPS violated the FDCPA because it never replied to her validation of debt request or her qualified written request. She similarly argues in Objection 7 that summary judgment is not warranted as to § 1692f because SPS cannot possibly have validated the debt or provided evidence that it was retained as a servicer to foreclose on the debt. Obj. at 10. Garner further asserts that SPS made false representations about the status of the debt and repeats her bare assertions that SPS per se violated §§ 1692d-1692g. Id. The Court has already overruled Garner's objections to the magistrate judge's findings on § 1692d, § 1692e, and § 1692g and will not repeat itself here.

Garner points to no allegation or evidence that the magistrate judge overlooked in reaching the conclusion that there is no genuine issue of material fact as to Garner's claim that SPS violated § 1692f. Instead, Garner argues that SPS never acquired rights to service or collect on the debt. If this claim were true, SPS's attempt to collect would violate §1692f's prohibition on collecting a debt that is not authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). But this claim is not true, nor is the question of its truth before the Court. Garner's objections are overruled.

### G. Objection 9

Lastly, Garner objects to the finding of summary judgment against her, arguing that SPS has not produced any evidence of servicing the alleged loan or proof that it was not in default when SPS acquired servicing rights. However, as detailed multiple times above, SPS has indeed provided evidence supporting its position as servicer of the mortgage. Thus, this objection is overruled.

### IV. CONCLUSION

For the reasons set forth above, the Court accepts the magistrate judge's recommendation dated February 13, 2019 (Dkt. 128), overrules Garner's objections thereto (Dkt. 130), grants SPS's motion for summary judgment (Dkt. 114), denies Garner's motion for summary judgment (Dkt. 122), and dismisses Garner's claims with prejudice.

SO ORDERED.

Dated: September 10, 2019　　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2019.

                                                             s/Karri Sandusky  
                                                             Case Manager